**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**BRENDA GUESSFORD, Individually and on**                     **PLAINTIFF**
**Behalf of Those Similarly Situated**

**VS**                                         **CIVIL ACTION NO.:** _1:21-cv-148-HSO-JCG

**AFNI, INC.**                                        **DEFENDANTS**

---

### CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

---

COMES NOW, Plaintiff, Brenda Guessford, individually, and on behalf of all others similarly situated, pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against Defendant, Afni Inc., and would state the following:

### NATURE OF ACTION

1.      This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

### JURISDICTION, PARTIES AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 with respect to Plaintiff's FDCPA claims.

3.      Brenda Guessford ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

4.      Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) as she is a natural person obligated or allegedly obligated to pay a debt.

- 1 -

5.      Afni, Inc. ("Defendant") is an Illinois corporation with its principal place of business in Bloomington, IL.

6.      Defendant may be served with process upon its registered agent, C T Corportation System, at 645 Lakeland East Dr, Ste 101, Flowood, MS 39232.

7.      Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business and the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

8.      Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.  28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

9.      Sometime before 2021, Plaintiff opened a credit card account with State Farm, F.S.B.

10.      In a letter dated February 4, 2021, Defendant first notified Plaintiff that it acquired an account purportedly owed by the Plaintiff.

11.      In this letter, Defendant stated "Your STATE FARM BANK, F.S.B. account has been acquired by Afni, Inc. for collection." This letter also stated a balance due and stated "This communication is from a debt collector."

12.      A subsequent letter demanding payment and dated April 5, 2021 was received by Plaintiff. This letter is attached hereto as **Exhibit A**. This letter also stated a balance due and stated "This communication is from a debt collector."

13.      Rather than mail these notices out on their own, Defendant sent information regarding the Plaintiff and her debt to a third-party mailing vendor in Concord, CA.

14.     Upon information and belief, the name of the mailing vendor was CompuMail, Inc. located in Concord, CA.

15.     To provide information for these letters, Defendant disclosed to the mailing vendor the Plaintiff's status as a debtor, the balance purportedly owed by the Plaintiff, the fact that the debt concerned State Farm Bank, FSB, the original account number, and other highly personal information.

16.     The mailing vendor then populated this information onto a pre-written template, printed and mailed the letter from Concord, CA to Defendant's address in Mississippi. See i.e., Exhibit A.

17.     The FDCPA defines communication as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. §1692a(3).

18.     The act of sending personal and private information regarding the Plaintiff's debt is therefore a communication under the FDCPA.

19.     Defendant's communication with the mailing vendor was in connection with the collection of a debt since it involved the disclosure of information regarding the debt to a third-party with the objective being communication with the consumer about paying the debt. *See Hunstein v. Preferred Collection & Mgmt. Servs.*, 2021 U.S. App. LEXIS 11648 (holding that a Debt Collector's transmittal of a consumer's personal debt-related information to mailing vendor, Compumail, Inc., constituted a communication "in connection with the collection of any debt" within the meaning of § 1692c(b)'s key phrase).

20.     The Plaintiff never consented to having her personal and private information regarding any debt shared with a third-party.

21.     With regard to communications with third parties, the FDCPA states:

**15 U.S.C. §1692c(b): Communication with Third Parties**

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

22.     The mailing vendor used by the Defendant does not fall within any exception laid out in §1692b or §1692c.

23.     Because of Defendant's unlawful communications with the mailing vendor, Plaintiff's sensitive and potentially embarrassing personal information including Plaintiff's name and address, information about her credit card debt, and the amount allegedly owed are all within the possession of an unauthorized third-party.

24.     Defendant attempted to collect a debt by communicating with an unauthorized third party in connection with the collection of a debt in violation of 15 U.S.C. §1692c(b).

25.     Because of the Defendant's actions, Plaintiff has suffered actual damages including attorneys' fees, and treatment costs related to emotional distress that she has suffered due to the anxiety and shame she feels from having her personal information, including private information about her debts, disclosed to third parties.

26.     Because of Defendant's actions, Plaintiff has suffered a concrete injury to her right to have her private information free from disclosure to third parties.

## INDIVIDUAL CLAIMS FOR RELIEF

**Count I: Violation of 15 U.S.C. §1692c(b) –
Defendant Sent Communications in Connection with the Collection
of a Debt to an Unauthorized Third-Party.**

27.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28.     The indebtedness allegedly owed to Defendant by Plaintiff is a "debt" as defined by 15 U.S.C. §1692a(5).

29.     The Defendant's communications to the mailing vendor were in connection with the collection of a debt.

30.     Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about the Plaintiff's alleged debts to the unauthorized third-party mailing vendor.

31.     Because of the Defendant's actions, Plaintiff has suffered actual damages including attorneys' fees, and treatment costs related to emotional distress.

32.     Defendant violated 15 U.S.C. §1692c(b); and therefore, Plaintiff is entitled to recover actual damages, statutory damages, and costs of the action, together with reasonable attorneys' fees.

### Count II: Violation of 15 U.S.C. §1692f–
### Defendant Unfairly and Unconscionably Attempted to Collect a Debt.

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34.     Defendant is a Debt Collector as defined by the FDCPA and acknowledges this fact by stating "This communication is from a debt collector" in its correspondence.

35.     Defendant unfairly and unconscionably attempted to collect a debt by using unfair means in connection with the collection of a debt when it knowingly sent information regarding the Plaintiff's debts to an unauthorized third-party mailing vendor.

36.     Defendant violated 15 U.S.C. §1692f; and therefore, Plaintiff is entitled to recover actual damages, statutory damages, and costs of the action, together with reasonable attorneys' fees.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §§1692c(b) and 1692f;

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of statutory damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

37.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated identified as the "Putative Class."

39.     The Putative Class is defined as follows:

**All natural persons residing in the State of Mississippi who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) had one or more account assigned to Defendant for collection (c) where Defendant subsequently communicated their information to a third-party mailing vendor.**

40.     Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents,

predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge and Magistrate Judge to whom this case is assigned, as well as the Judge and Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

41.     Members of the Putative Class will be identified through discovery of Defendant's business records.

42.     Members of the Putative Class are not adverse to each other and are entitled to substantially similar damages in the form of statutory damages.

### A.     Numerosity

43.     On information and belief, Defendant disclosed to a third party mailing vendor the private information of at least 40 different Mississippi residents.

44.     On information and belief, Defendant sends hundreds – if not thousands – of similar communications to Mississippi residents through a third-party mailing vendor.

45.     The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

46.     The Defendant's reliance on form letters and automation indicate that individuals similarly situated to the Plaintiff likely experienced their private information being disclosed to third-party mailing vendors.

### B.     Typicality

47.     Plaintiff's claims are typical of the claims of other members of the Putative Class.

48.     On information and belief, Defendant's business records will show that it disclosed the private information of Mississippi consumers to third-party mailing vendors in the same manner that it did as to the Plaintiff.

49.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to statutory damages as result of Defendant's conduct.

### C.     Commonality and Predominance

50.     There are common questions of fact and law with the claims of Plaintiff and the Putative Class.

51.     These common questions of fact and law are whether Defendant's communications with third-party mail vendors were unlawful under the FDCPA.

52.     These common questions of fact and law are subject to common proof through review of Defendant's business records.

53.     These common questions of fact and law are answerable for the entirety of each Putative Class.

54.     These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

### D.     Superiority and Manageability

55.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

56.     Joinder of all parties is impracticable.

57.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution of Defendant's unlawful collection activities.

58.     Even if individual members of each of the Putative Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties and to the courts.

59.     By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

60.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E.     Adequate Representation

61.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

62.     Plaintiff has retained counsel competent and experienced in consumer litigation and in class actions.

63.     Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

### CLASS CLAIMS FOR RELIEF

**Count III: Violation of 15 U.S.C. §1692c(b) –**
**Defendant Unlawfully Disclosed Information to an Unauthorized**
**Third-Party Mailing vendor Regarding Members of the Putative Class' Debts**

64.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

65.     Defendant sent information regarding members of the Putative Class' debts to an unauthorized third-party mailing vendor.

66.     Defendant violated 15 U.S.C. §1692c(b) with respect to the Putative Class by making said communications.

67.     Members of the Putative Class will be identified through discovery of Defendant's business records.

68.     Section 1692k of the FDCPA provides:

"any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

    (1)     any actual damage sustained by such person as a result of such failure;

    (2)     in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector; and

    (3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

### Count IV: Violation of §1692f –
### Defendant Unfairly and Unconscionably Attempted to Collect a Debt
### from Members of the Putative Class.

69.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

70.     Members of the Putative Class received correspondence mailed from an unauthorized third-party mailing vendor regarding their alleged debt to the Defendant.

71.     This communication was an unfair attempt to collect a debt because it was a willful disclosure to unauthorized third parties regarding members of the Putative Class' personal and private information in violation of the FDCPA.

72.     The Defendant violated 15 U.S.C. §1692f with respect to members of the Putative Class by making unfairly and unconscionably deceptive, false, or misleading representations in connection with the collection of the alleged debt.

73.     Section 1692k of the FDCPA provides:

"any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1)  any actual damage sustained by such person as a result of such failure;
(2)  in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector; and
(3)  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

**WHEREFORE**, Plaintiff, on behalf of members of the Putative Class requests the following relief:

A.  an order granting certification of the proposed class, including the designation of Plaintiff as the named representative of each class, and the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. Rule 23;

B.  a finding that Defendant violated 15 U.S.C. §§1692c(b) and1692f;

C.  an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of Defendant;

D.  an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Respectfully submitted,

/s/Michael T. Ramsey
Michael T. Ramsey (MSB #104978)
**SHEEHAN & RAMSEY, PLLC**
429 Porter Avenue
Ocean Springs, Mississippi 39564
228-875-0572
mike@sheehanramsey.com