**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **BRENDA GUESSFORD, Individually and on Behalf of Those Similarly Situated** | **PLAINTIFF** |
| **VS** | **CASE NO.:1:21-cv-00148-HSO-JCG** |
| **AFNI, INC.** | **DEFENDANT** |

_____

**RESPONSE TO AFNI, INC.'S MOTION TO STAY**

**COMES NOW** Plaintiff, **BRENDA GUESSFORD,** by and through counsel and responds to the Motion to Stay Pending Petition for Rehearing in Related Appeal and the accompanying memorandum as follows:

### Introduction

There is no legal basis for granting an indefinite stay simply because a court in another circuit might rehear a case involving completely different parties. Even courts in the Eleventh Circuit – where *Hunstein* is binding – have declined to stay similar cases involving different parties. *See, e.g. Durling v. Credit Corp Solutions*, 2021 U.S. Dist. LEXIS 134539, *3 (S.D. Fla. 2021). Regardless of the outcome of the pending Motion for Rehearing in *Hunstein*, this Court is not obligated to follow *Hunstein* and this Court is capable of deciding the facts of this case notwithstanding the law of the Eleventh Circuit. As such, the detriment to the Plaintiff and potential class members cause by the issuance of a stay greatly outweighs the benefit of staying this case for an indefinite length of time. Finally, it has been long held that a party requesting a stay must demonstrate hardship or inequity. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Defendant cannot establish hardship or inequity simply because a case in the Eleventh Circuit is

detrimental to its argument.  Accordingly, the Court should decline to apply a stay in this matter.

## Relevant Factual and Legal Background

On February 4, 2021, the named Plaintiff received a letter from Defendant regarding the collection of a consumer debt.  (Compl. ¶10-12). This letter was not mailed by Defendant, but it was sent by a third-party mailing vendor.  (Compl. ¶13).  In contracting with this mailing vendor, the Defendant disclosed sensitive information to an authorized third party in connection with the collection of a debt.  (Compl. ¶19).  Such a communication is expressly prohibited by the Fair Debt Collection Practices Act.  15 U.S.C. § 1692c(b) ("a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."); *see also Hunstein*, 994 F.3d at 1344 ("We hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication "in connection with the collection of any debt" within the meaning of § 1692c(b)."). The Plaintiff filed this class action lawsuit on behalf of herself and those similarly situated.  The Defendant has answered the Complaint but has subsequently requested a stay because the Eleventh Circuit **might** rehear a case involving entirely different parties.

## Standard

The Supreme Court, in *Landis v. N. Am. Co.* recognized that a district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." . 299 U.S. 248, 254 (1936). But "[h]ow this can best be done calls for the exercise of judgment,

which must weigh competing interests and maintain an even balance." *Id*. at 254-55.  Further, a party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id*. at 255. And "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id*. Finally, the Fifth Circuit has stated that "a stay pending adjudication in another tribunal should not be granted unless that tribunal has the power to render an effective judgment on issues that are necessary to the disposition of the stayed action."  *Itel Corp. v. The M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199 (5th Cir. 1984).

## Argument

1. **The Defendant has Presented no Hardship or Inequity Sufficient to Justify an Indefinite Stay.**

The Defendant's Motion seeks a stay pending the outcome of the Eleventh Circuit's decision to rehear its decision in *Hunstein en banc*.  No one knows if or when the Eleventh Circuit will decide to rehear the case.  If the Eleventh Circuit decides to grant the Motion for Rehearing in *Hunstein*, the Defendant will undoubtedly request another stay pending the decision by the Eleventh Circuit.  If the Eleventh Circuit reaffirms its decision in *Hunstein,* an appeal to the United States Supreme Court seems likely.   Defendant would likely seek an extension of the stay pending a decision in the United States Supreme Court.  The stay sought by Defendant is indefinite and can extend for several years.

Further, despite Defendant's assertions to the contrary, Motions for Rehearing en Banc are seldom granted in the Eleventh Circuit.  "The decision to grant *en banc* review is always discretionary and disfavored." *Keohane v. Fla. Dept. of Corr. Sec'y*, 981 F.3d 994, 995 (11th Cir. 2020) (W. Pryor, J., respecting the denial of rehearing en banc) ("The grant of en banc review is

and should be rare. The Federal Rules of Appellate Procedure say so: 'An en banc hearing or rehearing is not favored . . . .' Fed. R. App. P. 35(a).");. There are numerous reasons as to why rehearing a case en banc is extraordinary. "[T]he institutional cost of rehearing cases *en banc* is extraordinary. . . . It is an enormous distraction to break into [our regular] schedule and tie up the *entire* court to hear one case *en banc*." *Bartlett ex rel. Neuman v. Bowen*, 824 F.2d 1240, 1243 (D.C. Cir. 1987) (Edwards, J., concurring in denial of rehearing en banc) (emphasis in original). "After all, a panel of three judges has already spent considerable resources deciding the appeal once. For that reason, we and our sister circuits have said again and again that the 'heavy artillery' of en banc review should be used rarely." *Keohane*, 981 F.3d at 996 (citing *United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993); *Mitts v. Bagley*, 626 F.3d 366, 369-71 (6th Cir. 2010) (Sutton, J., concurring in denial of rehearing en banc).

Statistically, it seems unlikely that the Eleventh Circuit will rehear *Hunstein en banc*. *See* Ryan Vacca, *Acting Like an Administrative Agency: The Federal Circuit En Banc*, 76 Mo. L. Rev. 733, 738 (2011) (noting that .07 percent of the Eleventh Circuit's total docket from 2001 to 2009 consisted of en banc cases). And, since that period, there appears to be a *decline* in en banc petitions from those already-low rates.[1] Finally, there is no legitimate reason as to why the Eleventh Circuit should rehear Hunstein given that it has previously held that "[c]orrect decisions are never worthy of en banc review." *United States v. Matchett*, 837 F.3d 1118, 1129 (11th Cir. 2016) (W. Pryor, J., respecting the denial of rehearing en banc).

The Defendant has not established hardship or inequity in the event that the stay is denied. The only harm cited by Defendant is their assertion that AFNI will be required to defend

---

[1] *En banc* Rehearings are rare in other circuits as well. *See, i.e., Ninth Circuit Annual Report:* https://www.ca9.uscourts.gov/judicial-council/publications/AnnualReport2019.pdf (last visited July 27, 2021) (observing that, in the Ninth Circuit, between 2015 and 2019 petitions for rehearing en banc increased from 796 to 817, but grants of rehearing declined from 16 to 14).

itself in this matter and will have to participate in discovery. Neither of which is the type of hardship or inequity required to justify a stay. Courts have routinely held that judicial economy is not a significant justification for issuing a stay. *Trujillo v. Conover & Co. Communs., Inc.,* 221 F.3d 1262, 1265 (11th Cir. 2000) (citing *Landis v. N. Am. Co,* 299 U.S. 248, 256 (1936). See also, *Durling v. Credit Corp Solutions*, 2021 U.S. Dist. LEXIS 134539, *2 (S.D. Fla. 2021) ("Defendant has argued that a stay would conserve resources and a decision in *Hunstein* might streamline the issues, neither of these considerations show any hardship or inequity."). Even if a stay is granted and the Eleventh Circuit redecides *Hunstein* (as hoped for by Defendant), the *Hunstein* decision does not change the course of this case because *Hunstein* is merely persuasive in this district and this case will likely continue absent controlling precedent any other reason significant to justify dismissal of the Plaintiff's meritorious claims.

2. **An Indefinite Stay is Prejudicial to the Plaintiff and Class Members**

While Defendant will not be harmed in any significant way by allowing this case to continue forward, Plaintiffs and prospective class members will be harmed if a stay is granted. In spite of the Eleventh Circuit holding in *Hunstein,* Defendant continues its abusive debt collection practices of disseminating the private and personal information of class members. Additionally, delaying discovery in this matter may lead to the loss of critical evidence from nonparties like Compumail, the third-party mailing vendor used by Defendant. The District Court for the Southern District of Florida recently declined to issue a stay in a nearly identical case. In so holding, the Court stated that "a stay may prejudice Plaintiff as witness' memories fade, documents are lost, and Defendant's allegedly illegal conduct continues." *Durling v. Credit Corp Solutions*, 2021 U.S. Dist. LEXIS 134539, *2 (S.D. Fla. 2021). As stated *supra*, the stay sought by Defendant can extend for several years. A significant delay in this matter is

unjustified and will prejudicially harm the Plaintiff and prospective class members significantly.

## Conclusion

Defendant has failed to establish hardship and inequity sufficient to justify granting an indefinite stay based solely on the unlikely possibility that a court in another circuit might rehear a case involving entirely different parties. The Defendant acknowledges that its request is "unusual" (Dkt 9, p. 11) but it offers no significant reason as to why this court should grant such extraordinary relief. In contrast, the harm to Plaintiff and prospective class members in granting a stay greatly outweighs the harm suffered by Defendant in allowing this case to proceed as witness' memories fade, documents are lost, and Defendant's allegedly illegal conduct continues. Accordingly, this Court should decline Defendant's request to stay this matter.

    Respectfully Submitted,

    /s/Michael T. Ramsey
    Michael T. Ramsey (MSB #104978)
    **SHEEHAN & RAMSEY, PLLC**
    429 Porter Avenue
    Ocean Springs, Mississippi 39564
    228-875-0572
    Mike@sheehanramsey.com

## CERTIFICATE OF SERVICE

I, MICHAEL T. RAMSEY, Attorney for the above listed Plaintiff, do hereby certify that I have filed the foregoing through the court's Electronic Case Filing system- which sent notice to the Defendant, through counsel: Richard Culp, at rculp@mitchellmcnutt.com.

So certified, this, the 27th day of July 2021

    /s/Michael T. Ramsey
    Michael T. Ramsey, Attorney for Plaintiff