IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRENDA GUESSFORD,** *Individually and on Behalf of Those Similarly Situated* **PLAINTIFF**

v.   CIVIL CASE 1:21-cv-00148-HSO-JCG

**AFNI, Inc.** **DEFENDANT**

## ORDER DENYING MOTION FOR STAY

BEFORE THE COURT is Defendant Afni, Inc.'s [8] Motion to Stay Case Pending Petition for Rehearing in Related Appeal. Defendant Afni, Inc., seeks a stay in this matter pending resolution of a petition for rehearing en banc filed in *Hunstein v. Preferred Collection & Management Services, Inc.*, 994 F.3d 1341 (11th Cir. 2021), on grounds that Plaintiff Brenda Guessford's claim is based on the holding in *Hunstein*. Plaintiff Brenda Guessford opposes the Motion. The Court finds that the [8] Motion should be denied.

### I. BACKGROUND

On April 30, 2021, Plaintiff Brenda Guessford ("Plaintiff" or "Guessford") filed suit, individually and on behalf of those similarly situated, against Defendant Afni, Inc. ("Defendant" or "Afni"), for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Compl. [1]. Plaintiff contends that under the *Hunstein* decision, Defendant's transmission of Plaintiff's personal debt-related information to an unauthorized third-party mailing vendor, Compumail, Inc.,

constituted a communication "in connection with the collection of any debt" within the meaning of 15 U.S.C. § 1692c(b). *Id.* at 3. Plaintiff reasons that Defendant "attempted to collect a debt by communicating with an unauthorized third party in connection with the collection of a debt" in violation of the statute. *Id.* at 4. Defendant denies that it violated the FDCPA. Def's. Answer [4].

On July 19, 2021, Defendant filed the instant [8] Motion to Stay Case, arguing that the Court should stay this case pending the Eleventh Circuit's resolution of the petition for rehearing en banc because it could have a drastic effect on the proceedings in this case. Def's. Mot. [8] at 2. Defendant asserts that en banc rehearing "is more likely than normal" because of "the impact of the decision on the industry as a whole, [a] large number of amicus briefs and their arguments . . .," and because of an allegedly adverse decision by the United States Supreme Court in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). *Id.* at 1-2.

Plaintiff has filed a Response in Opposition [11], maintaining that Defendant has not established any hardship or inequity sufficient to warrant a stay, and that an indefinite stay would be prejudicial to Plaintiff and class members. Pl's. Resp. [11] at 3-5. Plaintiff contends that "[t]here is no legal basis for granting an indefinite stay simply because a court in another circuit might rehear a case involving completely different parties." *Id.* at 1. She further argues that "this Court is capable of deciding the facts of this case notwithstanding the law of the Eleventh Circuit." *Id.*

In rebuttal, Defendant claims that it will suffer "irreparable harm" if required to defend itself in this case, given the alleged uncertainty of *Hunstein's* continued

viability and the anticipated class discovery. Def. Rebuttal [12] at 2-3. Defendant also argues that Plaintiff has failed to show that granting the stay would work any hardship or prejudice. *Id*. at 4-5.

## II. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014) (quoiting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The party seeking a stay bears the burden of justifying a delay based upon another legal proceeding:

> [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 255). Before granting a stay pending the resolution of a separate case, "the court must carefully consider the time reasonably expected for the resolution of the "other case," in light of the principle that "stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *Mcknight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)

Plaintiff claims that granting the requested stay will damage her by allowing Defendant to continue its allegedly illegal conduct of "disseminating the private and personal information of class members," while delaying discovery which may lead to

3

the loss of evidence. Pl's. Mem. [11] at 5. Because there exists a fair possibility that the requested stay may damage Plaintiff, Defendant must establish a "clear case of hardship or inequity" to justify this request. *Landis*, 299 U.S. 255; *see also Davenport v. HansaWorld, USA*, No. 2:12-cv-00233, 2016 WL 320953 at 1* (S.D. Miss. 2016). Defendant contends that requiring it to defend itself in this matter and engage in class discovery will result in "irreparable harm" if the Eleventh Circuit grants en banc rehearing in *Hunstein*. Def's. Mem. [9] at 8.

Defendant has not explained how engaging in routine litigation activities such as attending court hearings, briefing and filing motions, and engaging in other discovery amounts to a clear case of hardship and inequity. Nor has Defendant explained how this case presents such rare circumstances to warrant staying this case while a petition for rehearing in another case, in another circuit, involving different parties, is resolved. Consequently, the Court finds that Defendant has not carried its burden of establishing a clear case of hardship or inequity, and that this case does not present the rare circumstance justifying the imposition of a stay.

Additionally, the Court notes the indefinite nature of Defendant's request. Defendant asks the Court to stay proceedings pending the resolution of a petition for rehearing in a related appeal. Def's. Mot. [8]. However, as of this date, the Eleventh Circuit has not agreed to take the rare step of granting rehearing en banc. United States Court of Appeals for the Eleventh Circuit, En Banc Matters, https://www.ca11.uscourts.gov/enbanc-poll-orders (last visited Sept. 3, 2021). Even if the Eleventh Circuit does grant the rehearing and issues a new opinion, such a

4

decision would remain only persuasive authority in this district. If the Eleventh Circuit grants the petition for rehearing, it seems likely that Defendant would seek to extend the stay until after an en banc decision issued. Thus, the stay sought by Defendant could potentially be a lengthy and extended one. This constitutes further grounds to deny the request.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that Defendant's [8] Motion to Stay Case Pending Petition for Rehearing in Related Appeal is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 3rd day of September, 2021.

*/s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE